UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHARINA JONES, Individually, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 2:17-cv-13083 |
| | : |
| HURLEY MEDICAL CENTER | : |
| A Domestic Company | : |
| | : |
| Defendant. | : |
| _____/ | : |

# AMENDED COMPLAINT

Plaintiff, Sharina Jones (hereinafter "Plaintiff"), hereby sues the Defendant, Hurley Medical Center, a Domestic Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), for violation of Section 504 of the Rehabilitation Act of 1973, and for violation and damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

1.     This action is brought by Sharina Jones pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a), Section 504 of the Rehabilitation Act of 1973, and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq., against the owners and/or operators of the Hurley Medical Center.

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

   b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

   c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4. Plaintiff Sharina Jones is a resident of Genesee County, utilizes a wheelchair for her daily activities, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103..

5. Plaintiff Sharina Jones is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6. Plaintiff Sharina Jones has been to the Hurley Medical Center located at One Hurley Plaza, Flint, Michigan.

7. Plaintiff Sharina Jones has also specifically visited the Bariatric Center at Hurley Medical Center, located at 6140 Rashelle Drive, Flint, Michigan, which is the only property that is subject to this lawsuit.

8. On information and belief, Defendant is a public entity as that term is used in title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* Defendant is a recipient of federal financial assistance as that term is used in section 504 of the Rehabilitation Act, 29 U.S.C. § 794

9. The Defendant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

10. Defendant owns, leases, leases to, and operates a Bariatric Center and is responsible for complying with the obligations of the ADA, Section 504 of the Rehabilitation Act and the PDCRA.

## FACTUAL ALLEGATIONS

11. Plaintiff realleges paragraphs one (1) through ten (10) of this Complaint and incorporates them here as if set forth in full.

12. Plaintiff lives in close proximity to the Hurley Medical Center Bariatric Center, has visited the property which forms the basis of this lawsuit, and desires to utilize the services offered at the hospital.

13. On or about March 20, 2017, Plaintiff scheduled a consultation appointment at the Bariatric Center of Hurley Medical Center.

14. On or about March 25, 2017, Plaintiff telephoned Defendant to confirm the consultation in regards to a sleeve gastrectomy.

15. Plaintiff was advised that Defendant maintains a policy to not accept any individual in a wheelchair.

16. Defendant then advised Plaintiff that they would confirm this policy with "the Board" and get back to her.

3

16. On or about March 31, 2017, Plaintiff was advised from Defendant that she would not be considered a candidate for bariatric surgery at Hurley Medical Center based solely upon the fact that the Defendant does "not accept patients that cannot walk."

18. Defendant is a place of public accommodation within the meaning of Title II of the ADA, 42 U.S.C. § 12132.

19. Defendant manages, owns, and/or or operates the Bariatric Center as part of their hospital facilities and services, and are responsible for complying with the obligations of the ADA

## COUNT I

## VIOLATION OF THE ADA

20. Plaintiff realleges paragraphs one (1) through nineteen (19) of this Complaint and incorporates them here as if set forth in full.

21. Defendant maintains a policy and a practice that prevents and/or restrict access by Plaintiff, in that several policies, features, elements, and spaces of the Hurley Medical Center Bariatric Center are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

22. There are numerous policies and elements that are barriers to access at Hurley Medical Center Bariatric Center that include, but are not necessarily limited to:

    a. Defendant maintains a policy to refuse services in their Bariatric Center to any individual in a wheelchair.

    b. Defendant maintains an on-going policy of discrimination against disabled individuals in wheelchairs.

    c. Defendant fails to properly train their employees in how to interact with those individuals with disabilities.

      d.      Defendant maintains a policy to not educate their employees in how to interact with those individuals with disabilities.

      e.      Defendant maintains a policy to discriminate against all disabled individuals in wheelchairs in order to refuse them service.

      f.      Defendant maintains a policy to segregate disabled individuals in wheelchairs from those individuals without wheelchairs so as to apply special treatment to individuals who are not disabled.

      g.      Defendant maintains a policy that allows Defendant to treat disabled individuals in wheelchairs different than other classes of individuals.

23.    The discriminatory violations described in paragraph twenty-two (22) of this Complaint were personally encountered by Plaintiff. The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendant and facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations and outright discrimination, as set forth above.

24.    The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

25.    Defendants' failure to end the discrimination identified in paragraph twenty-two constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

26.    It would be readily achievable for the Defendant to end their discrimination and to make their facility and services accessible, yet they refuse to do so.

27. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

28. Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

29. Sharina Jones has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph seventeen of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make their services readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE ADA

31. Plaintiff realleges paragraphs one (1) through thirty (30) of this Complaint and incorporates them here as if set forth in full.

32. Defendant maintains a discriminatory policy that prevents access by Plaintiff, in that several elements and spaces of the Hurley Medical Center Bariatric Center are not accessible to

or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

33. There are numerous elements that are barriers to access at Hurley Medical Center Bariatric Center that include, but are not necessarily limited to:

    a. Plaintiff, due to Defendant's discriminatory practice in not providing services to the disabled community, is banned from entering the property.

    b. The parking lot at the Bariatric center is in poor condition, creating a hazardous and dangerous condition for an individual in a wheelchair.

    c. There is no accessible parking at the Bariatric center for an individual in a wheelchair to utilize.

    d. There are no signs indicating where the accessible parking is located for an individual in a wheelchair to utilize.

    e. The accessible parking spaces at the Bariatric center are excessively sloped, thus creating a dangerous condition for an individual in a wheelchair.

34. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Sharina Jones has standing to require that all barriers to access on the property for the mobility-impaired are corrected, and that all discrimination ceases, not merely only those Sharina Jones personally encountered.

35. Defendants' failure to end the discrimination identified in paragraph thirty-three (33) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

36. It would be readily achievable for the Defendant to end their discrimination and to make their facility accessible.

37. Defendant is required to make their facility accessible to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

38. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

39. Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

40. Sharina Jones has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph thirty-three (33) of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

41.     Plaintiff is aware that it will be a futile gesture to re-visit the property or to attempt to make another appointment until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

42.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

43.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

44.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973**

45.     Plaintiff realleges paragraphs one (1) through forty-four (44) of this Complaint and incorporates them here as if set forth in full.

46.     Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as the Defendant. 29 U.S.C. § 794.

47.     Defendant's receive and benefit from federal financial assistance as that term is used in 29 U.S.C. § 794.

48.     Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act of 1973.

49.     Defendant has discriminated against Plaintiff on the basis of her disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described above.

50.     Plaintiff was qualified to participate in the services, programs, activities, and benefits provided to other patrons at Defendant within the meaning of the Rehabilitation Act of 1973.

51.     Defendant denied Plaintiff access to programs, benefits, and services provided to other patrons at Hurley Hospital solely on the basis of her disability, thereby violating the Rehabilitation Act of 1973.

52.     Despite the clear provisions of the Rehabilitation Act of 1973 and its knowledge of the deficiencies of its policies and practices, Defendant persisted in imposing conditions and practices that discriminate against Plaintiff and other persons who are disabled.

53.     As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

54.     Plaintiff has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant's discrimination.

55.     Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

56. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the Hurley Medical Center as described, but not necessarily limited to, the allegations in paragraph 22 and 33 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

57. Plaintiff is aware that it will be a futile gesture to re-visit the Hurley Medical Center until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

58. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

59. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the Hurley Medical Center readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT III

## VIOLATION OF THE PDCRA

60. Plaintiff realleges paragraphs one (1) through fifty-nine (59) of this Complaint and incorporates them here as if set forth in full.

61.     The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

62.     Plaintiff has desired and attempted to enjoy the goods and services at Hurley Medical Center. She has been prevented from doing so due to the discriminatory policies and practices in place at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in MCL 37.1606.

63.     As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

**PRAYER FOR RELIEF**

64.     Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A.     Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, Section 504 of the Rehabilitation Act of 1973, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq*.

        i.     by failing to bring Hurley Medical Center Bariatric Center into compliance with the Standards where it is readily achievable to do so;

      ii.      by failing to train and educate their employees in how to interact with disabled individuals; and

      iii.      by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B.      Order Defendant:

      i.      to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

      ii.      to make modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C.      Award damages to Sharina Jones who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

D.      Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E.      Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: /s/ Pete M. Monismith_____
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
MI Bar P78186

13