UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARINA JONES,

    Plaintiff,

v.

HURLEY MEDICAL CENTER,

    Defendant.
_____/

Case No. 17-13083

Paul D. Borman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

# OPINION AND ORDER:
# (1) DIRECTING DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 9); AND
# (2) DENYING AS MOOT DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT (ECF NO. 6)

On September 20, 2017, Plaintiff Sharina Jones filed this action, asserting one count of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("**ADA**"), and one count of disability discrimination under the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq.* ("**PWDCRA**"). (ECF No. 1, Compl.)

On November 1, 2017, Defendant Hurley Medical Center filed a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), which allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." (ECF No. 6, Def.'s Mot.) In that Motion,

Defendant argued that the complaint was vague because it pled two distinct factual grounds for Plaintiff's ADA claim in one count: that Defendant maintains policies that discriminate against individuals with physical disabilities, and that Defendant has failed to meet its statutory obligations to make its facilities physically accessible to individuals with physical disabilities. Defendant further argued that the second of those two grounds is itself pled in insufficient detail, as the complaint failed to set forth allegations regarding "the address, location upon that address, or nature of the alleged physical barriers." (Def.'s Mot. at 3, Pg ID 17.)

One week later, Plaintiff made two filings in response. First, she filed a Response to Defendant's Motion (ECF No. 8, Pl.'s Resp.), in which she pointed out that the complaint identified the location where the alleged acts of discrimination took place as the "Bariatric Center," which in itself should have afforded Defendant sufficient notice of her claim's factual basis. (Pl.'s Resp. at 5, Pg ID 33.) Second, Plaintiff filed an Amended Complaint on the same day.[1] (ECF No. 9, Am. Compl.) The Amended Complaint contains repeated references to the Bariatric Center (Am. Compl. ¶¶ 10, 12-13, 19, 21-22, 32-33) and to its street address (Am. Compl. ¶ 7).

---

[1] With regard to any pleading (like Plaintiff's original complaint) to which a responsive pleading is required, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Defendant did not file a responsive pleading, and Plaintiff filed her Amended Complaint one week after Defendant filed its Rule 12(e) motion. The Amended Complaint was thus filed as a matter of course under Rule 15(a)(1)(B).

The Amended Complaint also asserts two separate claims under the ADA: one based on allegations of discriminatory policies (Am. Compl. ¶¶ 20-30), and one based on allegations of barriers to physical access by disabled persons (Am. Compl. ¶¶ 31-44). The latter claim alleges several respects in which the Bariatric Center's parking lot specifically operates as a barrier to access. (Am. Compl. ¶ 33.) Finally, the Amended Complaint adds a new claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, based on the same factual allegations pled in support of the other claims. (Am. Compl. ¶¶ 45-59.)

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As interpreted by the Supreme Court, this standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

The Court finds that the Amended Complaint satisfies the basic pleading requirements of Rule 8(a)(2). The Amended Complaint is neither conclusory nor

formulaic, and it asserts factual grounds for the claims that are sufficiently specific for this stage of the litigation. Further, and without opining on whether the original complaint itself satisfied Rule 8(a), the Court notes that the specific concerns that Defendant identified in its Motion for More Definite Statement appear to have been addressed in the Amended Complaint: the Amended Complaint sets forth separate counts based on the different factual grounds for Plaintiff's ADA claim, as well as the location and the nature of alleged physical barriers that are the factual basis for one of those claims. To whatever extent the original complaint was "so vague or ambiguous that [Defendant could not] reasonably prepare a response," Fed. R. Civ. P. 12(e), the Amended Complaint is not.

Accordingly, Defendant shall answer or otherwise respond to the Amended Complaint (ECF No. 9) within twenty-one (21) days of the date of this Opinion and Order. Defendant's Motion for More Definite Statement (ECF No. 6), which was directed at the original complaint, is hereby DENIED AS MOOT.

IT IS SO ORDERED.

                                            s/Paul D. Borman
                                            Paul D. Borman
                                            United States District Judge

Dated: November 27, 2017

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 27, 2017.

                                          s/D. Tofil
                                          Deborah Tofil, Case Manager